UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCKEFELLER PHOTOS, LLC,

       Plaintiff,                               Case No.: 1:25-cv-00411

v.                                                 **ANSWER**

HASTING HOSPITALITY, INC. d/b/a
THE SILO RESTAURANT,

       Defendant.
_____

       Defendant, HASTINGS HOSPITALITY INC. d/b/a THE SILO RESTAURANT (hereinafter "Defendant"), by its attorneys, Gerber Ciano Kelly Brady LLP, as and for its Answer to Plaintiff's Complaint, alleges upon information and belief:

### THE PARTIES

       1.     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

       2.     Defendant admits the allegation stating that Defendant is a corporation organized and existing under the laws of the State of New York. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained herein.

### JURISDICTION AND VENUE

       3.     This paragraph does not include any factual allegations and therefore no response is required. The allegations contained herein call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

4. The allegations contained herein call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

5. The allegations contained herein call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

## FACTS

**I.   Plaintiff's Business and History**

6. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

7. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

**II.   The Work at Issue in this Lawsuit**

8. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

9. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

10. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

11. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

**III.    Defendant's Unlawful Activities**

12. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

13. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

14. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

15. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

16. Defendant denies the allegations contained therein.

17. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

18. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

19. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

20. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

### COUNT I – COPYRIGHT INFRINGEMENT

21. Defendant repeats, realleges and restates each and every response as to the allegations stated therein.

22. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

23. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

24. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

25. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

26. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

27. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained therein.

28. Defendant denies each and every allegation contained therein.

29. Defendant denies each and every allegation contained therein.

30. The allegations contained herein call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

31. The allegations contained herein call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

32. The allegations contained herein call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

33. The allegations contained herein call for a conclusion of law and therefore no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. Plaintiff's action is barred by the applicable statute of limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. Plaintiff has filed this action in an improper venue.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Plaintiff's claims against Defendant should be dismissed for lack of personal jurisdiction over Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. To the extent any copyrighted image was used, an allegation that is expressly denied, such actions were caused or contributed to by a third-party over whom the Defendant did not have control.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. To the extent Defendant used a copyrighted image, an allegation that is expressly denied, Defendant has undertaken remedial actions which have rendered the allegations herein moot.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. The alleged copyrighted material is, and was, unregistered and therefore, Plaintiff cannot maintain this claim.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. The alleged copyrighted material was not original.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41. Plaintiff's allegations are barred by the principal of fair use.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. To the extent any image used by Defendant was copyrighted, an allegation that is expressly denied, the Defendant was unaware of any improper use.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43. Plaintiff's demands are barred by the principals of abandonment and/or misuse of the alleged copyrighted material.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

44. In the event Defendant used copyrighted materials, an allegation that is expressly denied, such use was unknown and/or unintentional.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred by the application of the doctrine of *deminus non curat lex*.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff's allegations are barred by the application of first sale doctrine.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred by the Digital Millennium Copyright Act.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

48. Plaintiff's allegations are barred by the doctrine of unclean hands.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred by the principals of accords and satisfaction.

**WHEREFORE**, the Defendant, HASTINGS HOSPITALITY INC. d/b/a THE SILO RESTAURANT, respectfully demands judgment against the Plaintiff dismissing the Complaint with costs and/or disbursements of this action and attorneys' fees and costs.

Dated: August 20, 2025
Buffalo, New York

**GERBER CIANO KELLY BRADY LLP**

*s/Brian R. Biggie*
Brian R. Biggie, Esq.
*Attorneys for Defendant*
P.O. Box 1060
Buffalo, New York 14201
Tel.: (716) 313-2195
bbiggie@gerberciano.com

TO: COPYCAT LEGAL PLLC
Daniel DeSouza, Esq.
*Attorneys for Plaintiff*
3111 N. University Drive, Suite 301
Coral Springs, Florida 33065
Tel.: (877) 437-6228
dan@copycatlegal.com

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of August, 2025, I have served a copy of the foregoing on all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system.

**GERBER CIANO KELLY BRADY LLP**

*s/Brian R. Biggie*
Brian R. Biggie, Esq.
*Attorneys for Defendant*
P.O. Box 1060
Buffalo, New York 14201
Tel.: (716) 313-2195
bbiggie@gerberciano.com
